# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __WEST VIRGINIA__

UNITED STATES OF AMERICA
v.
PATRICK EDWARD MARTIN

**Judgment in a Criminal Case**
(For **Revocation** of Probation or Supervised Release)

Case No.     2:08CR0001-001

USM No.     05971-087

L. Richard Walker
Defendant's Attorney

**THE DEFENDANT:**

X admitted guilt to violation of    Mandatory Condition No. 1    of the term of supervision.

☐ was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | New Offenses: Trespassing and Public Intoxication<br>Excessive Use of Alcohol | 01/20/2010 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has not violated condition(s) __#2-5__ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __4928__

Defendant's Year of Birth __1978__

City and State of Defendant's Residence:
Glenville, WV

March 8, 2010
Date of Imposition of Judgment

Signature of Judge

John Preston Bailey, Chief U.S. District Judge
Name and Title of Judge

3-10-2010
Date

DEFENDANT: PATRICK EDWARD MARTIN
CASE NUMBER: 2:08CR0001-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 11 months

- [X] The court makes the following recommendations to the Bureau of Prisons:

  - [X] That the defendant be incarcerated at FCI Petersburg, VA. He should not be incarcerated at FCI Gilmer or Beckley because of his sex offender status and possible safety issues.

  - [X] The defendant should receive credit for time served since February 18, 2010.

  - [ ] That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.

- [ ] Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.
  - [ ] on _____, as directed by the United States Marshals Service.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: PATRICK EDWARD MARTIN
CASE NUMBER: 2:08CR0001-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 25 months

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The above drug testing condition is suspended, based on the court's determination that this condition has been satisfied during a previous term of supervision. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer unless previously collected by the Bureau of Prisons. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 09/08)
Sheet 4 — Special Conditions

DEFENDANT: PATRICK EDWARD MARTIN
CASE NUMBER: 2:08CR0001-00

# SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so ordered by the Supervising Probation Officer.

2. The Defendant shall not possess or use any computer or other device at access any online computer service at any location (including employment) without prior approval of the Probation Officer. This includes any Internet service provider, bulletin board system, or any public or private computer network. The Defendant shall consent to the Probation Officer conducting periodic unannounced examinations of the Defendant's computer equipment, including all hardware and software. This may include removal of the Defendant's computer equipment for a more thorough examination and possible copying of all data from the Defendant's computer.

3. The Defendant shall register with the state sex offender registration agency in any state where the Defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The Probation Officer shall provide the state officials with any and all information required by the state sex offender registration agency, and may direct the Defendant to report to tat agency in person for additional processing, such as photographing and fingerprinting.

4. The Defendant shall consent to a third part disclosure to his employer in regards to his computer restriction.

5. The Defendant shall not reside in the residence where children under the age of eighteen are residing, except with written permission of the Probation Officer.

6. The Defendant shall not associate with children under the age of eighteen, except in the company of a responsible adult who is fully aware of the Defendant's background, and who has been approved by the Probation Officer.

7. The Defendant is prohibited from places where minor children may congregate, including schools, daycare centers, playgrounds, residences and parks.

8. The Defendant shall neither use nor enter any establishment where pornography or erotica can be obtained or viewed.

9. The Defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The Defendant shall complete the treatment recommendations and abide by all of the rules, requirements and conditions of the program until discharged. He shall take all medications as prescribed.

10. The Defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor his compliance with supervised release treatment conditions, at the direction of the U.S. Probation Officer.

11. The Defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.

12. The Defendant shall not possess any materials depicting and/or describing "sexually explicit conduct" or "child pornography" as defined in 18 U.S.C. § 2256, nor shall be enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.

13. The Defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the U.S. Probation Officer. Such computers, computer hardware or software is subject to warrantless searches and/or seizures by the U.S. Probation Officer.

14. The Defendant shall register with any local and/or State Sex Offender Registration agency in any state where the Defendant resides, is employed, carries on a vocation, or is a student, pursuant to state law.

15. The Defendant shall provide the U.S. Probation Officer with access to any requested financial records and not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

16. The Defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18) except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the Defendant notifies the parents or legal guardian of his conviction or prior history; and 3) his written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18), such as waiters, cashiers, ticket vendors, etc. with whom the Defendant must deal in order to obtain ordinary and usual commercial services.

17. The Defendant shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses or other places primarily used or that can reasonably be expected to be used by children under the age of eighteen (18) without prior written permission of the U.S. Probation Officer.

18. The Defendant shall not possess children's clothing, toys, games, etc. without permission of the U.S. Probation Officer.

19. The Defendant shall not be employed in any position or participate as a volunteer in any activity that involved direct or indirect contact with children under the age of eighteen (18) without written permission from the Court. Under no circumstances may the Defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen (18).

20. The Defendant shall participate in the District's computer monitoring program and pay any costs associated with the program if so directed by the Supervising Probation Officer.

21. The Defendant shall not possess any collection of children's pictures.

DEFENDANT: PATRICK EDWARD MARTIN
CASE NUMBER: 2:08CR0001-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 50.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: PATRICK EDWARD MARTIN
CASE NUMBER: 2:08CR0001-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, ☐ F, or ☐ G below); or

B X Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or ☐ G below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at this time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

    Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release; or

G ☐ Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall immediately begin making restitution and/or fine payments of $ _____ per month, due on the first of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Restitution is to be paid joint and several with other related cases convicted in Docket Number(s): _____

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.